NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALEXANDER OCASIO, | ) | No. C 08-4820 JF (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL; DENYING MOTION FOR |
| vs. | ) ) | PRELIMINARY INJUNCTION |
| CHIEF JUDGE ALEX KOZINSKI, et al., | ) ) ) | (Docket No. 3) |
| Defendants. | ) ) | |

Plaintiff, a California prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983. He sues Defendants Alex Kozinski, the Chief Judge of the United States Court of Appeals for the Ninth Circuit, Cathy Catterson, the Circuit Executive for the Ninth Circuit, and Molly Dwyer, the Ninth Circuit Clerk of Court. He claims that Defendants failed to file certain exhibits pertaining to a complaint of judicial misconduct, and that they have not withdrawn his appeal from a lower court's decision in a habeas case. For the reasons discussed below, the complaint is DISMISSED for failure to state a cognizable claim for relief.

**DISCUSSION**

A federal court must conduct a preliminary screening in any case in which a

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

A federal judge is absolutely immune from civil liability for acts performed in his judicial capacity and, unlike the judicial immunity available to state judges sued under § 1983, a federal judge's immunity is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief. See Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir. 1996); Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1394 (9th Cir. 1987) (applying judicial immunity to actions under Bivens), cert. denied, 486 U.S. 1040 (1988). This is because if a federal judge violates a litigant's constitutional rights in a proceeding pending in federal court, Congress has provided carefully structured procedures for taking appeals and for petitioning for extraordinary writs in Title 28 of the United States Code. See id. Accordingly, Plaintiff's claims against Defendant Kozinski are barred based on judicial immunity, and will be dismissed.

The United States Supreme Court has recognized that some officials in the judiciary perform special functions which, because of their similarity to functions that would have been immune when Congress enacted § 1983, deserve absolute protection from damages liability. Buckley v. Fitzsimmons, 509 U.S. 259, 268-69 (1993). This immunity extends to individuals performing functions necessary to the judicial process. Miller v. Gammie, 335 F.3d 889, 895-96 (9th Cir. 2003). The filing of exhibits and the processing of a request to withdraw an appeal are tasks that are necessary to the judicial

1  process.  Accordingly, Defendants Dwyer and Catterson are immune from liability on
2  Plaintiff's § 1983 claims.

## CONCLUSION

For the reasons described above, the complaint is DISMISSED for failure to state a cognizable claim for relief.  In light of this dismissal, the motion for a preliminary injunction is DENIED.

This order terminates Docket No. 3.  The Clerk enter judgment and close the file.

IT IS SO ORDERED.

DATED: 11/20/08

JEREMY FOGEL
United States District Judge